IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIDDEEQ BASIL HENRY | : | CIVIL ACTION |
| | : | NO.  14-1152 |
| | : | |
| vs. | : | |
| | : | |
| WARDEN J. THOMAS, et al. | : | |

O'NEILL, J.                                                                                                February 25, 2016

## **MEMORANDUM**

    I have before me defendant John Thomas' motion to dismiss plaintiff's amended complaint and plaintiff's response thereto.

    Pro se plaintiff Siddeeq Basil Henry filed his amended civil action complaint against Warden Thomas, Lieutenant Arthur Johnson, Lt. L. Williams and Dr. William Fowler.  Plaintiff alleges that on July 23, 2013, while he was incarcerated at the State Correctional Institution at Chester during an altercation with Johnson, Johnson took him to the ground, elbowed him in the mouth, choked him and placed the handcuffs on him so tight that they cut his wrists and he lost feeling.  He alleges while this was happening he was handcuffed and not resisting the restraints.  He further alleges that after the altercation, he was placed in a psychiatric observation cell and denied clothing, mail, visits, and phone calls on two different occasions.  Finally, he alleges that he was removed from the mental health unit and placed in the infirmary by Lt. Williams because he filed a grievance against her.  He claims that while in the infirmary he was housed in a cell with no desk, he had to keep his property on the floor, he was not allowed to go to the law library and he was sometimes denied showers and yard.  He alleges these acts violated his constitutional rights.  He seeks redress against defendants pursuant to 42 U.S.C. § 1983.

    An individual government defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Personal

involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Id.  A civil rights complaint is adequate where it states the conduct, time, place, and persons responsible for the alleged wrongs.  Evancho v. Fisher, 423 F.3d 347, 353 (3d. Cir. 2005).

   Here, plaintiff's amended complaint fails to include any of those allegations against defendant Thomas.  Henry clearly identified Johnson as the individual who allegedly assaulted him.  Additionally, he identified Williams as the individual who allegedly removed him from the mental health unit to the infirmary because he filed grievance.  While he believes that Thomas approved his move, there is no allegation that Thomas was aware that Henry engaged in protected activity prior to Thomas approving the move from the mental health unit to the infirmary.

   Plaintiff alleges that he was denied access to the law library, showers and yard while he was in the infirmary.  He alleges that he brought these concerns to Thomas who responded to him that he had no knowledge that he was denied access to the law library, showers and yard.  Putting aside the allegation that Thomas was unaware that Henry was denied access to the law library, showers and yard, these allegations do not establish a constitutional violation.

   Being denied access to the law library without a showing of an actual loss of a legal claim does not state a denial of access to the courts claim.  Lewis v. Casey, 518 U.S. 343, 351 (1996).  Henry does not allege that he suffered an actual loss of legal claims because he did not have access to the law library.

   Henry's amended complaint fails to set forth any facts that John Thomas had any personal involvement in the alleged violations of his constitutional rights.  Accordingly, plaintiff's amended complaint against Thomas will be dismissed with leave to amend.

-3-

An appropriate Order follows.

-3-

An appropriate Order follows.